WILBUR STOOKEY, a Minor, by his Next Friend, CARRIE M. STOOKEY, Respondent, v. ST. LOUIS-SAN FRANCISCO RAILWAY COM-PANY, a Corporation, Appellant.

Springfield Court of Appeals, March 16, 1923.

1. **RAILROADS: Instruction Held not Reversible Error.** In action against a railroad for death from a crossing collision, an instruction erroneously fixing the standard of crossings as one which could be crossed over without "hindrance and with safety," but requiring the jury to find that defendant had torn out the crossing and failed to replace it by placing the planks and timbers required by statute and filling ballast between the ties and rails, which the

(411)

evidence showed was the condition of the crossing at the time of the accident, *held* not reversible error as leading the jury to believe that a higher duty was placed on defendant than that required by Revised Statutes 1919, section 9944, requiring good and sufficient crossings, and describing the manner of building them.

2. DEATH: Damages Held Excessive. An award of $5000 to a boy fourteen or fifteen years old for the death of his father, who was sixty years old, and a farmer living on a rented farm, of which fifty acres were cultivated, and solely dependent thereon or the family's living, *held* excessive by $2000.

3. APPELLATE PRACTICE: Refusal to Discharge Jury under Facts not Ground of Reversal. Refusal to discharge the jury, in a minor's action against a railroad for the death of his father, when, on being brought into court after sending word to the judge that they wanted further information, they asked him whether plaintiff's mother had recovered anything from the company, whereupon the court properly informed them that that was not for their consideration, *held* not ground for reversal, the court's action being proper and the verdict, if influenced by passion and prejudice, being corrected by requiring *remittitur*.

4. EVIDENCE: Judicial Notice. The courts must take judicial notice that a railroad train operated on August 20, 1919, was under the control of the Director General of Railroads under the President's proclamation.

5. RAILROADS: Federal Operation. No judgment can be rendered against a railroad for injuries caused by a train while under the control of the Director General under the President's proclamation.

6. APPELLATE PRACTICE: Federal Agent Substituted as Party Defendant. The President's Agent in the operation of a railroad, against which a judgment was erroneously rendered for an injury occurring during federal control, substituted on appeal as party defendant, and the judgment affirmed as against him.

Appeal from the Circuit Court of Pulaski County.— *Hon. L. B. Woodside,* Judge.

AFFIRMED ON CONDITION, AND FEDERAL AGENT JAMES C. DAVIS SUBSTITUTED AS DEFENDANT.

*W. F. Evans, E. T. Miller, Mann & Mann,* and *Frank H. Farris* for appellant.

(1) Judgment against railroad was void, as under federal proclamation, suit must be brought directly against the Director General of the railroads, and courts must take judicial notice of this fact. Kersten v. Hines, 283 Mo. 641, 642; Preston v. Union Pacific Ry. Co., 239 S. W. 1085, 1086; Taylor v. Western Union, 231 S. W. 79. (2) Court erred in submitting to jury the issue of defendant's negligence in maintaining defective crossing and predicating liability on such negligence. The only theory on which defendant could be liable was under the "last chance" doctrine. Keil v. Railroad, 258 Mo. 77; Hall v. Railway, 240 S. W. 175; Alexander v. Railway, 233 S. W. 49. (3) Plaintiff's Instruction No 1, which required crossing to be so constructed that deceased could cross over it without hindrance and with safety, was erroneous as the law requires railroad to maintain only a "good and sufficient crossing." Sec. 9944, R. S. 1919; Crane v. Railway, 203 S. W. 642; Lee v. Railway, 150 Mo. App. 183. (4) The damages are excessive. Moore v. Lusk, 186 S. W. 1163; Stark v. Lusk, 187 S. W. 589; Smith v. Pryor, 190 S. W. 72. (5) Case should be reversed because jury wanted further information about matters extraneous to the suit, showing prejudice 38 Cyc, 1823; O'Hara v. Construction Co., 197 S. W. 163; Gibney v. Transit Co., 204 Mo. 704.

*Lorts & Breuer, J. J. Crites* and *R.' J. W. Bloom* for respondent.

(1) The court properly overruled defendant's demurrer and plea in abatement. R. S. 1919, sec. 4217; Greier v. Kansas City Ry. Co., 228 S. W. 454; Johnson v. McAdoo, 257 Fed. 757. (2) The instructions were proper. Ashbill v. Joplin, 140 Mo. App. 259, Batton v. M. W. A., 111 S. W. 513; Hays v. Hogan, 180 Mo. App. 251. (3) The damages were not excessive. Hays v. Hogan, supra; Parsons v. Railway, 94 Mo. 296.

FARRINGTON, J.—This case is here on second appeal. The former case is reported in 236 S. W. 426, in which opinion we made a statement of the case, to which statement we now refer as to the facts covering the collision in this case. On the first appeal we reversed the judgment because of an erroneous instruction on the measure of damages. That error was corrected in this trial. The plaintiff again recovered judgment in the sum of $5000. From this judgment the defendant appeals, assigning numerous errors.

Appellant on this appeal renews its attack on the case made by plaintiff's evidence, and again urges this court to hold that the father of plaintiff was guilty of such contributory negligence as would in law bar a recovery. We discussed that feature in the former opinion and are not disposed to make any change in the ruling thereon. As we view it, it is a question for a jury to determine whether under the circumstances of this case the father of plaintiff was in fact guilty of contributory negligence, and they having decided that in plaintiff's favor puts an end to it so far as this appeal is concerned.

This case was brought under the compensatory death statute, and the negligence charged and submitted was that the defendant had negligently maintained a railroad crossing, and the evidence is overwhelmingly convincing that the defendant was negligent in the way this crossing was maintained, and that it was such negligence that was the proximate cause of this injury.

One of the contentions made by appellant is that the instruction asked by the plaintiff contained error in that it placed a greater duty upon defendant in regard to railroad crossings than is required by the statute, the section of the statute referred to being 9944, Revised Statutes 1919, which requires that there shall be constructed and maintained good and sufficient crossings, which requirement is then followed by a description of the manner of building such crossings. The instruction complained of fixed the standard of crossings as one

which could be crossed over without "hindrance and with safety." This same instruction required the jury to find that the defendant had torn out this crossing and had failed to replace it by placing the planks and timbers which are required by statute, and the filling of ballast between railroad ties and the rails. The evidence clearly shows that this was the condition of the crossing at the time of the accident. While the clause complained of should not have been in this instruction, it certainly did not mislead the jury in believing a higher duty was placed upon defendant than that required by the statute, because the evidence concerning this went clearly to show the things lacking which were required by statute. We do not think the error of placing it in the instruction materially affected the verdict. This objection is, therefore, overruled.

It is next contended that the verdict is excessive. The evidence shows that the plaintiff had from six to seven years to live before he reached his majority; that his father was sixty years of age. There is no showing that the father gave any particular amount to his son whom he was rearing in his home. The evidence, however, does show that he was a farmer, living on a rented farm on which there were fifty acres in cultivation; that he had no other trade or occupation and depended upon this farm for a living for the family. To allow him $5000 seems to us to be an amount which the parent in this case could not reasonably have been expected to furnish. To have given as much as $500 a year to this boy for board and lodging, sufficient clothing and some education would have required great sacrifice on the part of the father in the circumstances shown. We, therefore, must insist that in order that this verdict may stand and fall within an amount that could have been reasonably expected, the plaintiff must remit the sum of $2000.

Appellant further claims that the jury showed passion and prejudice and should have been discharged because of the fact that after they had deliberated in the

jury room on this case, they send word to the judge stating they wanted some further information. On being brought into the court room, in open court, they asked the trial judge whether the mother of this plaintiff, the wife of the deceased, had recovered any amount from the railroad company on account of the death of the father and husband. The court very properly informed them that was not a matter for their consideration. We think that the court could have done nothing else, and his action was proper, and that probably accounts for a verdict which goes beyond that which could be reasonably given under the evidence. We, however, have corrected that by requiring a *remittitur,* as heretofore suggested.

We now come to appellant's principal contention in this case, and that is that no verdict could be rendered against this defendant because at the time the injury was sustained the train was being operated by the United States government under the President's war time proclamation, and appellant raises this question also in its answer and by plea in abatement. The court ruled against the appellant on both grounds. The facts of the case are that the plaintiff first filed this suit and defendant made its first answer thereto at the March Term of the Pulaski County Circuit Court, 1921, in which answer it admitted the ownership of the railroad and operation thereof. The judgment of $5000 was rendered in plaintiff's favor, an appeal taken to this court, and the judgment reversed. During all of this time no question had ever been raised in any way suggesting that the wrong party had been sued, and, as stated, the answer admitted the ownership and operation of this train which injured plaintiff's father. After the case was reversed, it then came on for trial again in March, 1922, and on the day of trial the defendant then for the first time filed its plea in abatement raising the question of the operation of the train by the Director General of Railroads and not by the defendant and sought to have the case dismissed, which plea in abatement was overruled, and then an

amended answer was filed which for the first time in an answer disclosed this fact.

It is insisted by the appellant that the trial court and this court must take judicial notice that the train which was operated on the 20th day of August, 1919, was under the control of the Director General of Railroads under the proclamation of the President of the United States. We agree that appellant is correct in this contention, and there are numerous authorities sustaining it. We are further convinced, under the cases cited, that no judgment can be rendered in this case for this injury against the St. Louis-San Francisco Railway Company, named in plaintiff's petition. This, however, under the authority of Preston v. Union Pacific Railroad Co., 239 S. W. 1080, 1085, 1086, 1087, will not avoid this judgment which plaintiff has recovered. In that case the Supreme Court substituted the federal agent of defendant and affirmed the judgment. It, therefore, results in this case that the federal agent, James C. Davis, is hereby substituted as party defendant and ordered to be substituted on motion in the circuit court judgment, and the judgment is affirmed as against him on condition that the plaintiff, within ten days from the handing down of this opinion, remit the sum of $2000 from the judgment rendered in the circuit court. *Cox, P. J.,* and *Bradley, J.,* concur.